UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DARRIN LAPINE,

        Plaintiff,

v.

STEPHANIE GORDON,

        Defendant.
_____/

Case No. 2:22-cv-60

Hon. Jane M. Beckering
U.S. District Judge

## REPORT AND RECOMMENDATION

### I. Introduction

This Report and Recommendation (R&R) addresses Defendant Gordon's motion to dismiss based on Plaintiff's failure to timely file his complaint. (ECF No. 15.)

Plaintiff — former state prisoner Darrin LaPine — filed suit in accordance with 28 U.S.C. § 1983 on March 23, 2022. (ECF No. 1.) In his complaint, LaPine asserted various Constitutional claims against employees of the Michigan Department of Corrections (MDOC) that arose during his term of incarceration. At this stage of the case, only one claim remains: LaPine's First Amendment claim against Defendant Stephanie Gordon for asking another employee to issue a retaliatory misconduct ticket against LaPine. (*See* ECF No. 7 (Screening Opinion); ECF No. 8 (Order).)

Gordon now moves to dismiss LaPine's remaining claim. (ECF No. 15.) Gordon asserts that the three-year statute of limitations provided by Michigan Law began

running on March 18, 2019, when LaPine was made aware of the allegedly retaliatory misconduct ticket. (*Id.*, PageID.58.) Gordon avers that there were no periods during which the statute of limitations was tolled, and that the statute of limitations therefore expired on March 18, 2022, before LaPine filed suit. (*Id.*) In response, LaPine contends that the statute of limitations was tolled while he exhausted his administrative remedies in accordance with the requirements of the Prison Litigation Reform Act (PLRA). (ECF No. 22, PageID.78.) Gordon argues that because LaPine was released from prison prior to filing suit, the PLRA does not apply; because the PLRA does not apply, its requirements do not toll the statute of limitations. (ECF No. 24, PageID.84-85.)

The undersigned respectfully recommends that the Court deny Defendant Gordon's motion to dismiss (ECF No. 15). Although LaPine was not incarcerated when he filed suit, he was incarcerated when the cause of action arose, and his complaint suggests that he pursued the exhaustion of his administrative remedies for several months while incarcerated. The allegations in his complaint could therefore support a claim that LaPine's complaint was timely because the PLRA's requirements tolled the statute of limitations. And Gordon cites no authority for the proposition that tolling should not apply under these circumstances.

## II.  Factual Allegations

LaPine says that he was incarcerated at the Newberry Correctional Facility (NCF) in February of 2019 when he was issued a twelve-month parole and scheduled for release on March 19, 2019. (ECF No. 1, PageID.3.) LaPine intended to reside

2

with his sister, but the residence was not approved because his sister had a gun safe. LaPine says that Defendant Stephanie Gordon informed him that he would have to go to a residential placement instead. (*Id.*)

According to LaPine, his relationship with Defendant Gordon was strained based on events occurring in their personal lives many years ago. LaPine also says that Gordon previously falsified court records, perjured herself while testifying against LaPine, and "had [him] sent to prison on a bogus probation violation . . . in 2012, after [he] challenged placement issues." (*Id.*) LaPine says that after he was sent to prison on the sham probation violation, he filed a lawsuit. That lawsuit was ultimately dismissed. (*Id.*)

After placement at his sister's residence was denied, LaPine says that he complained to his parole officer. LaPine told the officer that although his sister had a gun safe, the safe was empty, and no one could open it. (*Id.*) Gordon later informed LaPine that they had approved an additional walk-through of LaPine's sister's residence, but that she would make sure LaPine had to wear a tracking device if he was released. Because his parole order did not contain any reference to a tracking device, LaPine threatened to file a lawsuit against Gordon. (*Id.*, PageID.3-4.)

On March 13, 2019, LaPine received a J-Pay[1] communication from his attorney. (*Id.*, PageID.4.) He responded to the communication, venting about his

---

[1] JPay is the system through which MDOC prisoners send and receive electronic messages. *Electronic Messages – Sending to Prisoners*, Department of Corrections, https://www.michigan.gov/corrections/services/family-information/electronic-messages-sending-to-prisoners (last visited Feb. 23, 2022).

sister and her failure to adhere to LaPine's requests, which had jeopardized his release. In his reply, LaPine stated that his sister had him "so mad [he] could have choked her." (*Id.*) LaPine says that there was no threat behind this statement; it was a mere figure of speech. But on March 18, 2019, LaPine says that Gordon searched through his J-Pay communications for something to use against him. (*Id.*) Upon finding LaPine's statement that he was so mad he could have choked his sister, Gordon contacted the parole board and asked for LaPine's parole to be suspended due to threatening behavior, and then contacted an NCF Lieutenant and asked him to write a misconduct ticket against LaPine for the same. LaPine says that this misconduct ticket was retaliatory and bogus. (*Id.*) LaPine's parole was suspended the same day, and he was placed in segregation.

LaPine says that he explained to numerous NCF staff members that the misconduct ticket was bogus and retaliatory. (*Id.*, PageID.5.) But on March 21, 2019, LaPine was found guilty of the threatening behavior misconduct ticket, and staff increased LaPine's security level from three to four. (*Id.*, PageID.5-6.) On March 22, 2019, MDOC staff approved LaPine's transfer to a level four housing unit at a different facility, and the parole board revoked LaPine's parole. (*Id.*) LaPine appealed the misconduct ticket and parole suspension to the MDOC Hearings Administrator. (*Id.*, PageID.6.) LaPine's appeal was denied on June 3, 2019. LaPine then appealed the decision of the Hearings Administrator to the Macomb Circuit Court. (*Id.*) On October 5, 2020, the Macomb Circuit Court vacated the misconduct ticket and parole suspension. (*Id.*)

4

### III. Legal Standard

Defendant Gordon moves to dismiss LaPine's remaining claim in accordance with Federal Rule of Civil Procedure 12(b). Gordon contends that LaPine has failed to state a claim upon which relief can be granted because his claim is time barred. Fed. R. Civ. P. 12(b)(6). For the same reason, Gordon contends that this Court lacks subject matter jurisdiction and personal jurisdiction. Fed. R. Civ. P. 12(b)(1), (2).

In ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court considers whether the well-pleaded allegations in the complaint are sufficient to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-556 (2007)). As such, a 12(b)(6) motion based on a statute of limitations is only appropriate where it is clear from the face of the complaint that relief is time-barred. *Krygoski Const. Co. v. Flanders Indus., Inc.*, No. 2:08-CV-202, 2009 WL 722611, at *1 (W.D. Mich. Mar. 17, 2009) ("Like other Rule 12(b)(6) motions to dismiss, a motion to dismiss on statute of limitations grounds should be granted when the statement of the claim affirmatively shows that the plaintiff can prove no set of facts that would entitle him to relief." (quoting *New England Health Care Emps. Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir.2003))); *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 702 (6th Cir. 1978) ("While the seven enumerated defenses in Rule 12(b) do not expressly mention an objection based on the bar of the statute of limitations, the prevailing rule is that a complaint showing on its face that relief is

5

barred by an affirmative defense is properly subject to a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted.").

The statute of limitations period for actions under 42 U.S.C. § 1983 is dictated by state law, but federal law determines when the statute begins to run. *Sharpe v. Cureton*, 319 F.3d 259, 266 (6th Cir.2003), *cert. denied*, 540 U.S. 876 (2003). The statute of limitations for § 1983 claims arising in Michigan is three years. *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir.1986) (per curiam). "[T]he statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action." *McCune v. City of Grand Rapids*, 842 F.2d 903, 905 (6th Cir. 1988) (citing *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir.1984)).

### IV. Analysis

The parties do not dispute that the date of injury in this case was March 18, 2019. Nor do the parties dispute that the applicable statute of limitations is the three-year statute of limitations provided by Michigan Law. Instead, the parties disagree as to whether the statute of limitations was tolled while LaPine pursued the exhaustion of his administrative remedies.

Pursuant to the applicable portion of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), prisoners are barred from filing actions with respect to prison conditions under 42 U.S.C. § 1983 until they exhaust their available administrative remedies. *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001). Because it would be inequitable for the statute of limitations to run while a plaintiff is legally unable to file suit, federal courts toll the statute of limitations

until the time for exhaustion has elapsed. *See, e.g. Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000) (first citing *Harris v. Hegmann*, 198 F.3d 153, 157–59 (5th Cir.1999); and then citing *Cooper v. Nielson*, 194 F.3d 1316, 1999 WL 719514 (9th Cir.1999)) (finding that the statute of limitations for the plaintiff's § 1983 claim was tolled while the plaintiff exhausted the available administrative remedies); *see also Battle v. Ledford*, 912 F.3d 708, 719 (4th Cir. 2019) ("[E]very circuit that has confronted a state no-tolling rule and reached this question has applied federal law to equitably toll § 1983 limitations during the PLRA exhaustion period."); *Johnson v. Garrison*, 805 F. App'x 589, 594 (10th Cir. 2020) (finding that the state's lack of a tolling provision for the PLRA exhaustion period was "contrary to § 1983's goals" and equitably tolling the statute of limitations).

Gordon reasons that because LaPine filed his complaint after he was released from prison, LaPine is not subject to the provisions of the PLRA, including the exhaustion requirement. (ECF No. 24, PageID.84.) Because LaPine is not subject to the exhaustion requirement, Gordon avers that this Court should not toll the statute of limitations for the period of time during which LaPine pursued the exhaustion of his administrative remedies. (*Id.*)

Defendant Gordon is correct in that LaPine filed his complaint after his release from prison. Gordon is also correct in that once an individual is released from prison, they are no longer required to exhaust administrative remedies prior to filing suit. *Ball v. Evers*, No. 19-10315, 2021 WL 3164273, at *6 (E.D. Mich. July 27, 2021) ("Nor does the federal PLRA preclude this action because the case was filed after [Plaintiff]

7

was released from prison." (first citing *Napier v. Laurel Cnty.*, 636 F.3d 218, 221 (6th Cir. 2011); and then citing *Marbry v. Freeman*, 489 F. Supp. 2d 782, 785 (E.D. Mich. 2007))). But LaPine's complaint nevertheless suggests that he spent months pursuing the exhaustion of his administrative remedies while he was incarcerated. Accepting the allegations in LaPine's complaint as true, the PLRA legally barred LaPine from filing suit during this time; had LaPine filed suit, it would have been subject to dismissal based the PLRA's exhaustion requirement. Under these circumstances, the same equitable tolling principles apply to the former prisoner as to the prisoner. And Gordon supplies no authority suggesting otherwise.

Ultimately, the undersigned finds that the facts as alleged by LaPine, if true, could support a claim that application of the PLRA tolled the statute of limitations such that LaPine's March 23, 2022 complaint was timely. *See Robinson v. PTS of Am., LLC*, No. 3:06-0033, 2006 WL 1083397, at *4 (M.D. Tenn. Apr. 24, 2006) (denying defendants' motion to dismiss because former prisoner's complaint suggested that the application of the PLRA tolled the statute of limitations for her claim), *order clarified on reconsideration*, No. 3:06-0033, 2006 WL 8457712 (M.D. Tenn. May 9, 2006). The undersigned therefore recommends that the Court deny Defendant Gordon's motion to dismiss.

## V.     Recommendation

The undersigned respectfully recommends that the Court deny Defendant Gordon's motion to dismiss (ECF No. 15). Although LaPine was not incarcerated when he filed suit, he was incarcerated when the cause of action arose, and his

8

complaint suggests that he pursued the exhaustion of his administrative remedies for several months while incarcerated. The allegations in his complaint could therefore support a claim that LaPine's complaint was timely because the PLRA's requirements tolled the statute of limitations. And Gordon cites no authority for the proposition that tolling should not apply under these circumstances.

If the Court accepts this recommendation, LaPine's First Amendment retaliation claim against Defendant Gordon will remain.

Dated: February 23, 2023  /s/ *Maarten Vermaat*
MAARTEN VERMAAT
U. S. MAGISTRATE JUDGE

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C) Fed. R. Civ. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).