UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DARRIN LAPINE,

    Plaintiff,

v.

D. MOORE, et al.,

    Defendants.
_____/

Case No. 2:22-cv-60

HON. JANE M. BECKERING

**MEMORANDUM OPINION AND ORDER**

    This is a civil rights action filed by a former prisoner pursuant to 42 U.S.C. § 1983. This Court previously terminated seven of the eight Defendants whom Plaintiff sued. The remaining Defendant, Stephanie Gordon, filed a motion to dismiss. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that the Court deny Defendant's motion. The matter is presently before the Court on Defendant's objection to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which an objection has been made. The Court denies the objection and issues this Opinion and Order.

    Remaining in this case is Plaintiff's First Amendment retaliation claim against Defendant Gordon. As the Magistrate Judge summarized, Defendant argues that Plaintiff's claim was filed after the three-year statute of limitations provided by Michigan law expired, and that equitable tolling of the limitations period did not apply (*see* R&R, ECF No. 25 at PageID.87–88). The

Magistrate Judge rejected Defendant's argument and determined that, because Plaintiff "was incarcerated when the cause of action arose, and his complaint suggests that he pursued the exhaustion of his administrative remedies for several months while incarcerated[,]" Plaintiff's allegations "support a claim that [Plaintiff's] complaint [i]s timely because the PLRA's requirements tolled the statute of limitations" (*id.* at PageID.88).

In her objection at bar, Defendant Gordon objects only to the Magistrate Judge's conclusion that Plaintiff "is entitled to 'equitable tolling principles' relative to the time [Plaintiff] asserts he was pursuing the exhaustion of administrative remedies" while incarcerated (Def's. Obj., ECF No. 26 at PageID.97) (citing R&R, ECF No. 25, PageID.94). Specifically, Defendant argues that for equitable tolling to apply to Plaintiff's "claimed pursuit of exhaustion," the pursuit of exhaustion cannot be based on the *merits* of the retaliatory misconduct ticket, as a retaliatory misconduct ticket claim is only able to be exhausted under the PLRA by raising the issue at the misconduct hearing or on appeal (Def's. Obj., ECF No. 36 at PageID.2–3); *see, e.g., Ali v. Simmons*, 2020 WL 6597562 (W.D. Mich. 2020) (citing *Siggers v. Campbell*, 652 F.3d. 681 (6th Cir. 2011)). Defendant's argument that Plaintiff's exhaustion efforts were related only to the "merits" of the misconduct ticket is unpersuasive, and Defendant fails to demonstrate any factual or legal error in the Magistrate Judge's conclusion. As noted in the Report and Recommendation, the Magistrate Judge concluded that Plaintiff's Complaint plausibly alleged that Plaintiff "spent months pursuing the exhaustion of his administrative remedies while he was incarcerated" (R&R, ECF No. 25 at PageID.94). Indeed, Plaintiff alleges that he appealed the retaliatory misconduct ticket to the Michigan Department of Corrections (MDOC) Hearings Administrator and the Macomb Circuit Court Hearings Administrator (*see* Compl. [ECF No. 1] at PageID.5–6; R&R, ECF No. 25 at PageID.90). Further, as Plaintiff alleges in his Complaint and states in his response

and affidavit to the instant objection, Plaintiff complained that the misconduct was "bogus, a violation of several of [his] rights" and a "bogus retaliatory misconduct" filed by Defendant Gordon (Resp., ECF No. 28 at PageID.105; Pl. Aff., ECF No. 29 at PageID.107–108).[1] Defendant provides no facts or legal authority for her argument that a "merits challenge" or "merits-based appeal" is not entitled to equitable tolling.[2] Therefore, Defendant's objection is properly denied.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court.  Therefore:

**IT IS HEREBY ORDERED** that the Objection (ECF No. 26) is DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 25) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion to Dismiss (ECF No. 15) is DENIED.


Dated:  April 5, 2023                                               /s/ Jane M. Beckering
                                                                    JANE M. BECKERING
                                                                    United States District Judge

---

[1] Plaintiff also avers that he asserted the misconduct was retaliatory at the time of the misconduct hearing (see Resp., ECF No. 27 at PageID.102; Pl. Aff., ECF No. 29 at PageID.107–108).

[2] Defendant's argument that the fact that the Macomb Circuit Court vacated or overturned the misconduct on the merits supports the proposition that Plaintiff made a merits-based appeal is likewise unpersuasive.  At the dismissal stage, reading the Complaint in the light most favorable to Plaintiff, his allegations that the misconduct was "bogus, a violation of several of [his] rights" and a "bogus retaliatory misconduct"—and the Macomb Circuit Court's decision that the misconduct ticket was falsely issued—support an inference that Plaintiff's appeal and exhaustion efforts were based on the retaliatory nature of the misconduct ticket, and not solely a challenge to the merits of the misconduct ticket.