UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DARRIN LAPINE,

    Plaintiff,

v.

D. MOORE, et al.,

    Defendants.
_____/

Case No. 2:22-cv-60

HON. JANE M. BECKERING

**OPINION AND ORDER**

Plaintiff initiated this prisoner civil rights action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights related to allegedly retaliatory misconduct against him by Michigan Department of Corrections ("MDOC") employees (ECF No. 1 at PageID.3–6). Defendant Stephanie Gordon ("Defendant") moved for summary judgment on the First Amendment retaliation claim against her, the sole remaining claim in this case (ECF No. 37). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court grant Defendant's motion (ECF No. 51). The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation (ECF No. 52), to which Defendant filed a response (ECF No. 53).[1]

---

[1] In her Response Brief, Defendant argues that Plaintiff's objections to the Magistrate Judge's Report and Recommendation are untimely because Plaintiff filed his objections on December 7, 2023, and the time to file any objections expired three days earlier, on December 4, 2023 (ECF No. 53 at PageID.267–68). Plaintiff had fourteen days to respond to the Report and Recommendation (R&R, ECF No. 51 at PageID.257). His objections are dated December 2, 2023 and were filed on December 7, 2023. Even assuming arguendo that the objections were timely filed, the objections lack merit for the reasons stated herein.

In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

The Magistrate Judge determined that no genuine issue of material fact exists regarding Plaintiff's First Amendment retaliation claim (R&R, ECF No. 51 at PageID.246). Specifically, the Magistrate Judge determined that the record indicates that Plaintiff did not engage in protected conduct "when he threatened to file a frivolous lawsuit against" Defendant (*id.*). The Magistrate Judge further determined that the record indicates that Plaintiff provided no evidence that Defendant was directly involved in the issuance of the allegedly retaliatory misconduct ticket (*id.* at PageID.246–47). Alternatively, the Magistrate Judge determined that Defendant is entitled to qualified immunity (*id.* at PageID.247).

This Court's Local Civil Rule 72.3(b) provides that "[a]ny party may object to a magistrate judge's proposed findings, recommendations or report within fourteen (14) days after being served with a copy thereof unless a different time is prescribed by the magistrate judge or a district judge." W.D. Mich. LCivR 72.3(b). "Such party shall file and serve written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections." *Id.*

Plaintiff makes two objections to the Report and Recommendation. First, Plaintiff argues that threatening to file suit against Defendant was protected conduct and that Defendant's search of Plaintiff's messages and phone calls were not random, but were instead retaliatory (Pl. Obj., [ECF No. 52 at PageID.258–260] ¶¶ 2–3). Plaintiff's argument fails to demonstrate any error by the Magistrate Judge. As the Magistrate Judge found, Plaintiff does not identify any civil rights claims that he could have asserted against Defendant in the threatened lawsuit, nor are any claims

2

apparent from the facts presented (R&R, ECF No. 51 at PageID.251–52). Thus, Plaintiff's threat to file a lawsuit was frivolous, and there is no genuine issue of material fact regarding Plaintiff's lack of engagement in protected conduct. Plaintiff's first objection is therefore properly denied.

Second, Plaintiff objects to the Magistrate Judge's conclusion that Defendant is entitled to qualified immunity, arguing that "no one is immune from the type of conduct [Defendant] committed," "complaining about failure to perform fiduciary duties to a supervisor and transferring in retaliation constitutes an adverse action," Defendant either "knew or should have known that violating someone's constitutional right's [sic] negates any immunity," and Defendant "waived sovereign immunity" (Pl. Obj. [ECF No. 52 at PageID.258–260] ¶¶ 4–7). Plaintiff's second objection makes no reference to the Magistrate Judge's Report and Recommendation, let alone demonstrates any error in the Magistrate Judge's immunity analysis. Plaintiff's mere disagreement with the Magistrate Judge's determination as to qualified immunity or Defendant's lack of adverse action fails to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion. Moreover, as the Magistrate Judge explained, his conclusion that there is no genuine issue of material fact regarding whether Defendant violated a clearly established constitutional right concomitantly supports the alternative conclusion that Defendant is entitled to qualified immunity (R&R, ECF No. 51 at PageID.255–56). Plaintiff's second objection is therefore also properly denied.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. Additionally, a Judgment will be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 58. Pursuant to 28 U.S.C. § 1915(a)(3), the Court declines to certify that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*,

114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007).  Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 52) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 51) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment (ECF No. 37) is GRANTED.

**IT IS FURTHER ORDERED** that the Court declines to certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith.


Dated:  January 31, 2024     /s/ Jane M. Beckering
                              JANE M. BECKERING
                              United States District Judge